IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Maurice Avery, ) | C/A No. 2:05-cv-00190-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER and OPINION |
| ) | |
| Sarah Logan, Rock Hill Police Dept.; ) | |
| Ryan Holloway, Assistant Solicitor; ) | |
| Gill Fennell, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I. Introduction

Plaintiff Timothy Maurice Avery, appearing *pro se*, is an inmate at the Manning Correctional Institution in Columbia, South Carolina. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Specifically, Plaintiff alleges that Defendants "fabricated evidence," "withheld exculpatory evidence," and "procured Plaintiff's conviction by fraud." Complaint, 3.

## II. Law/Discussion

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. The Magistrate Judge reviewed the petition pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A, and, on February 25, 2005, filed a Report and Recommendation that the Complaint be dismissed without prejudice. Plaintiff filed objections to the Report and Recommendation ("Objections") on February 14, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff is serving a seven-year sentence for shoplifting in the custody of the South Carolina Department of Corrections. In his complaint, Plaintiff alleges that Defendant Logan, an officer of the Rock Hill Police Department, violated his constitutional rights by failing to produce allegedly exculpatory evidence at an earlier judicial proceeding and falsely indicating that Plaintiff had been convicted of two previous crimes of shoplifting. Complaint, 3. Plaintiff alleges that assistant solicitor Holloway, with the assistance of Officer Logan and a store security guard, Defendant Gill Fenell, "procured Plaintiff's conviction by withholding exculpatory evidence" and by "suborning perjury from [Defendant] Fennel." Complaint, 3.

In his Report and Recommendation, Magistrate Judge Carr noted that "since the plaintiff is complaining about his criminal case, the complaint is subject to summary dismissal because a right of action has not accrued." Report and Recommendations, 4 (citing Heck v. Humphrey, 512 U.S. 477 (1994)). Magistrate Judge Carr found that "until the plaintiff's conviction or sentence is set

aside, any civil rights action based on the conviction, sentence, and related matters will be barred because of the holding in Heck v. Humphrey." Plaintiff did not object to this portion of the Magistrate Judge's Report and Recommendation. Though not obligated to review portions of the Report and Recommendation to which objections have not been filed, the court has nonetheless thoroughly reviewed the record and applicable law and finds the Magistrate Judge's analysis to be correct.

In Heck v. Humphrey, the Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486-87. In so doing, the Court mandated, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

In the instant matter, Plaintiff contends that Defendants denied him his constitutional rights by withholding evidence and offering perjured testimony at trial. Objections, 1, 2. If the court held that Defendants had improperly withheld evidence or offered perjured testimony sufficient to constitute a claim under § 1983, this holding would properly implicate the validity of Plaintiff's conviction. Thus, there can be no denying that his "damages claim that would 'necessarily require [him] to prove the unlawfulness of his conviction or confinement' [and] cannot be brought under §

3

1983." Young v. Nickols, 413 F.3d 416, 418 (4th Cir. 2005) (citing Heck, 512 U.S. at 486); see also Ballenger v. Owens, 352 F.3d 842, 846 (4th Cir. 2003) (applying Heck v. Humphrey to a similar challenge to evidence introduced at trial). Summary dismissal is appropriate as Plaintiff fails to state a claim against Defendants on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Plaintiff is encouraged to review Magistrate Judge Carr's exhaustive review of the options available to Plaintiff to challenge his state conviction. See, Report and Recommendation, 5-9.

Plaintiff also objects to the Magistrate Judge's recommendation that this court impose a "strike" under 28 U.S.C. § 1915 (g). 28 U.S.C. § 1915 (g) provides that inmates may not proceed *in forma pauperis* in civil rights actions if they have, on three prior occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Having determined that Plaintiff has failed to state a claim upon which relief can be granted, the instant filing is to be treated as a "strike" under § 1915 (g).

---

[1] Plaintiff objects to numerous factual claims in Magistrate Judge Carr's Report and Recommendation. See, Objections, 1-2. Because the court dismisses Plaintiff's claim based on the Supreme Court's ruling in Heck v. Humphrey, these objections need not be addressed as they have no bearing on the court's holding. Further, Plaintiff objects to the Magistrate Judge's finding that Defendant Holloway is immune from suit. Objections, 2-3. Plaintiff argues that Defendant Holloway, in his role as a solicitor, induced Defendant Gill Fennel to offer perjured testimony at a trial. The court finds that the Magistrate Judge correctly recommended immunity for Defendant Holloway. See, Imbler v. Pachtman, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.").

## III. Conclusion

The court has reviewed the record and adopts the Report and Recommendation of the Magistrate Judge. Plaintiff's complaint is **dismissed** with prejudice and without issuance and service of process. The clerk is directed to treat this filing as a "strike" under § 1915 (g).

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

October 31, 2005

Columbia, South Carolina